IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK HOUSE, | ) |
| Plaintiff, | ) **00C 7924** |
| v. | ) Case No. |
| | ) Judge JUDGE MORAN |
| RUSS NELSON, Investigator for Illinois | ) |
| Department of Corrections ("IDOC"), | ) MAGISTRATE JUDGE DENLOW |
| DENNIS PEPEL, Parole Officer for | ) |
| IDOC and JOHN DOE, | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, FREDERICK HOUSE ("HOUSE"), by and through his attorneys, GREGORY E. KULIS AND ASSOCIATES, and complains against the Defendants, RUSS NELSON ("NELSON"), Investigator for Illinois Department of Corrections ("IDOC"), DENNIS PEPEL ("PEPEL"), parole officer for IDOC, and JOHN DOE ("DOE"), as follows:

### COUNT I-VIOLATION OF DUE PROCESS BY DEFENDANTS

1. This action is brought pursuant to the laws of the United States Constitution, specifically 42 U.S.C. §1983 and §1988 and the laws of the State of Illinois to redress violations of Plaintiff's due process rights under the Fifth and Fourteenth Amendments of the Constitution;

2. Jurisdiction is based on Title 28 U.S.C. §1343. In addition, Plaintiff invokes the supplemental jurisdiction of the court over Plaintiff's related state law claims;

3. The Plaintiff at all relevant times was a United States citizen and was incarcerated at Joliet Correctional Center in Joliet, Illinois;

4. The Defendants, NELSON, Investigator for IDOC and PEPEL, Parole Officer for

IDOC, and JOHN DOE, were acting within their scope of employment and under color of law;

5. That on or about September 2, 1999, the Plaintiff was released on parole from Dixon Correctional Center;

6. That on or about September 22, 1999, the Plaintiff obtained employment;

7. That on or about October 30, 1999, the Plaintiff received a letter asking him to report to the parole office on November 1, 1999;

8. That on November 1, 1999, the Plaintiff went to the West Suburban Parole Office and spoke to Mr. Kimble, his parole officer regarding the letter that he was sent;

9. Mr. Kimble referred the Plaintiff to Defendant PEPEL who then introduced the Plaintiff to Defendant NELSON;

10. That Defendant NELSON accused the Plaintiff of impregnating a female inmate at Dixon Correctional Center;

11. That Defendant NELSON told the Plaintiff that he had to take a lie detector test and threatened that if the Plaintiff refused, he would be taken to Joliet;

12. The Plaintiff reluctantly agreed to take the test for fear of being incarcerated again;

13. The Plaintiff again was contacted on November 12, 1999 to take another lie detector test on November 17, 1999;

14. That upon advice of his attorney, the Plaintiff did not to take the second lie detector test;

15. That on November 16, 1999, pursuant to an arrest warrant, the Plaintiff was arrested at his home and taken to Joliet Correctional Center where he was placed in maximum

security segregation;

16. On November 30, 1999, the Plaintiff appeared before the Prisoner Review Board which decided to continue the Plaintiff's hearing since the Plaintiff's attorney was denied access to the hearing;

17. That a second hearing was held at which time the Plaintiff was ordered released by the Prisoner Review Board;

18. That the Plaintiff was held in Joliet until December 14, 1999;

19. That Defendants, NELSON, PEPEL and DOE, intentionally and/or with reckless indifference to the rights of Plaintiff HOUSE refused to review and/or correct the constitutional wrongs committed;

20. That said actions of Defendants NELSON, PEPEL and DOE violated the Plaintiff's Fifth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983;

21. As a direct and proximate result of said conduct of Defendants NELSON, PEPEL and DOE the Plaintiff suffered violations of his constitutional rights, emotional anxiety, mental trauma, humiliation, insult, physical distress and future emotional and physical distress.

WHEREFORE, the Plaintiff, FREDERICK HOUSE, prays for judgment in his favor and against Defendants, NELSON, PEPEL and DOE, jointly and severally, in the amount of THIRTY-THOUSAND DOLLARS AND 00/100 ($30,000.00) in compensatory damages and FIFTEEN THOUSAND DOLLARS AND 00/100 ($15,000.00) in punitive damages plus costs.

## COUNT II-FALSE ARREST

1-18. For paragraph 1-18, Plaintiff incorporates by reference as though fully stated

herein paragraphs 1 through 18 of Count I as the respective allegations of Count II;

19. On or about November 16, 1999, at the direction of Defendants NELSON, PEPEL and DOE, a warrant was issued for the Plaintiff's arrest;

20. On or about November 22, 1999, a violation report was issued by Defendant NELSON, PEPEL and DOE;

21. The report stated that Plaintiff violated his Mandatory Supervised Release by failing to submit to a second lie detector test regarding the allegations against him;

22. In the report, Defendant PEPEL recommended that Plaintiff be held in custody until the investigation is completed;

23. On November 30, 1999, the Plaintiff appeared before the Prisoner Review Board which decided to continue the Plaintiff's hearing since the Plaintiff's attorney was denied access to the hearing;

24. From November 16, 1999 until on or about December 14, 1999, the Plaintiff remained in custody of IDOC at Joliet Correctional Center;

25. After his second hearing, on or about December 14, 1999, the Plaintiff was released by Joliet Correctional Center;

26. The Plaintiff was not committing any crime or breaking any laws;

27. Defendants NELSON, PEPEL and DOE were precluded from taking Plaintiff into custody on November 16, 1999;

28. That Plaintiff did not violated any such rules pursuant to Mandatory Supervised Release;

29. The Defendants NELSON, PEPEL and DOE did not have probable cause to take

4

custody of Plaintiff on or about November 16, 1999;

30. The actions of Defendants NELSON, PEPEL and DOE were intentional, willful and wanton.

31. Said actions of the Defendants NELSON, PEPEL and DOE violated Plaintiff, FREDERICK HOUSE's, Fourth Amendment Rights of the United States Constitution and was in violation of said rights protected by 42 U.S.C. §1983.

32. As a direct and proximate consequence of said conduct of the Defendants NELSON, PEPEL and DOE, the Plaintiff, FREDERICK HOUSE, suffered violations of his constitutional rights, emotional anxiety, fear, emotional distress, humiliation, embarrassment, monetary loss, pain and suffering.

WHEREFORE, the Plaintiff, FREDERICK HOUSE, prays for judgment against the Defendants NELSON, PEPEL and DOE in the amount of THIRTY-THOUSAND DOLLARS AND 00/100 ($30,000.00) in compensatory damages and FIFTEEN-THOUSAND DOLLARS AND 00/100 ($15,000.00) in punitive damages plus costs.

## COUNT III-EXTENDED DETENTION-FEDERAL LAW

1-18. For paragraph 1-18, Plaintiff incorporates by reference as though fully stated herein paragraphs 1 through 18 of Count I as the respective allegations of Count III.;

19. Plaintiff was taken into custody on November 16, 1999;

20. Plaintiff was ordered released on December 14, 1999 by the Prison Review Board;

21. Said actions violated Plaintiff's rights under the Fourth, Fourteenth and Eighth Amendments of the U.S. Constitution;

22. As a direct and proximate consequence of the conduct of Defendants NELSON,

PEPEL and DOE, the Plaintiff, FREDERICK HOUSE, suffered emotional anxiety, fear, insult, pain and suffering.

WHEREFORE, the Plaintiff, FREDERICK HOUSE, prays for judgment in his favor and against Defendants NELSON, PEPEL and DOE jointly and severally, in the amount of THIRTY-THOUSAND DOLLARS AND 00/100 ($30,000.00) in compensatory damages and FIFTEEN-THOUSAND DOLLARS AND 00/100 ($15,000.00) in punitive damages plus costs.

Respectfully submitted,

*[signature]*

GREGORY E. KULIS AND ASSOCIATES

GREGORY E. KULIS AND ASSOCIATES
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

FREDERICK HOUSE

**JUDGE MORAN**
**MAGISTRATE JUDGE DENLOW**

### DEFENDANTS

RUSS NELSON, Investigator for Illinois Department of Corrections ("IDOC"), DENNIS PEPEL, Parole Officer for IDOC and JOHN DOE,

DEC 2 0 2000

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
GREGORY E. KULIS & ASSOCIATES
30 N. LaSalle Street, Suite 2140
Chicago, Illinois 60602

ATTORNEYS (IF KNOWN)

**00C 7924**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

VIOLATION OF 42 U.S.C. Section 1983

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. This case

☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE 12/14/00

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS

DOCKETED
JUDGE MORAN  DEC 20 2000
MAGISTRATE JUDGE DENLOW

In the Matter of

FREDRICK HOUSE,
　　　　Plaintiff,
　v.
RUSS NELSON, Invesigator for Illinois Department of Corrections ("IDOC"), DENNIS PEPEL, Parole Officer for IDOC, and JOHN DOE, Defendants

Case Number: 00C 7924

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

FREDERICK HOUSE

| (A) | (B) |
|---|---|
| SIGNATURE *[signed]* | SIGNATURE *[signed]* |
| NAME: Gregory E. Kulis | NAME: Kathleen Coyne Ropka |
| FIRM: Gregory E. Kulis and Associates | FIRM: Gregory E. Kulis and Associates |
| STREET ADDRESS: 30 N. LaSalle Street, Suite 2140 | STREET ADDRESS: 30 N. LaSalle Street, Suite 2140 |
| CITY/STATE/ZIP: Chicago, Illinois 60602 | CITY/STATE/ZIP: Chicago, Illinois 60602 |
| TELEPHONE NUMBER: 312/580-1830 | TELEPHONE NUMBER: 312/580-1830 |
| IDENTIFICATION NUMBER: state of Illinois 6180966 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☒ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE *[signed]* | SIGNATURE |
| NAME: Shehnaz I. Mansuri | NAME: |
| FIRM: Gregory E. Kulis and Associates | FIRM: |
| STREET ADDRESS: 30 N. LaSalle Street, Suite 2140 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60602 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312/580-1830 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

1-3