
## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**F I L E D**

DEC - 3 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| FREDERICK HOUSE, ) | |
| ) | |
| Plaintiff, ) | No. 00 C 7924 |
| ) | |
| v. ) | |
| ) | The Honorable James B. Moran |
| RUSS NELSON, Investigator for Illinois ) | Presiding Judge |
| Department of Corrections ("IDOC"), ) | |
| DENNIS PEPEL, Parole Officer for IDOC, ) | The Honorable Morton Denlow |
| and JOHN DOE, ) | Magistrate Judge |
| ) | |
| Defendants. ) | |

### NOTICE OF FILING

TO:  Gregory E. Kulis and Associates, 30 N. LaSalle St., Suite 2140, Chicago, IL 60602, FACSIMILE NO.: (312) 580-1839

PLEASE BE ADVISED that on December 3, 2001, the undersigned filed a copy of the attached DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUEST TO ADMIT with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Chicago, IL.

RUSS NELSON and DENNIS PEPEL

**JAMES E. RYAN,**
**Attorney General of Illinois**

By:  Edward C. Seward, III
Assistant Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-5159

### CERTIFICATE OF SERVICE

The undersigned deposes and states that the foregoing was served upon the above named via U.S. mail and facsimile on December 3, 2001.

*14*

```
**************************************************************************
*                                                                P. 01  *
*                                                                        *
*                       TRANSACTION REPORT        DEC-03-2001 MON 01:34 PM *
*                                                                        *
*     DATE  START    RECEIVER     TX TIME   PAGES TYPE      NOTE      M#  DP *
*────────────────────────────────────────────────────────────────────────*
*     DEC-03 01:32 PM 95801839     1'17"     4  SEND       OK         181  *
*────────────────────────────────────────────────────────────────────────*
*                                                                        *
*                                          TOTAL :   1M 17S  PAGES:   4   *
*                                                                        *
**************************************************************************
```

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK HOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00 C 7924 |
| | ) | |
| RUSS NELSON, Investigator for Illinois | ) | The Honorable James B. Moran |
| Department of Corrections ("IDOC"), | ) | Presiding Judge |
| DENNIS PEPEL, Parole Officer for IDOC, | ) | |
| and JOHN DOE, | ) | The Honorable Morton Denlow |
| | ) | Magistrate Judge |
| Defendants. | ) | |

### NOTICE OF FILING

TO:  Gregory E. Kulis and Associates, 30 N. LaSalle St., Suite 2140, Chicago, IL 60602, FACSIMILE NO.: (312) 580-1839

PLEASE BE ADVISED that on December 3, 2001, the undersigned filed a copy of the attached DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S



DOCKETED

DEC 4 – 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

DEC – 3 2001

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FREDERICK HOUSE,          )
         )
       Plaintiff,     )
         )
v.                )     No. 00 C 7924
         )
RUSS NELSON, Investigator for Illinois   )     The Honorable James B. Moran
Department of Corrections ("IDOC"),   )     Presiding Judge
DENNIS PEPEL, Parole Officer for IDOC, )
and JOHN DOE,         )     The Honorable Morton Denlow
         )     Magistrate Judge
       Defendants.   )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUEST TO ADMIT

NOW COME Defendants, RUSS NELSONS and DENNIS PEPEL, by and through their

attorney, JAMES E. RYAN, Attorney General of Illinois, and in response to Plaintiff's motion to

determine the sufficiency of certain of Defendants' answers to Plaintiff's request to admit facts state

as follows:

1.     Plaintiff filed a motion to determine the sufficiency of four of Defendants' answers

to Plaintiff's request to admit facts. Plaintiff contests Defendants's answers to Plaintiff's requests

numbered 18, 20, 27 and 28. Defendants objected to request number 20 because the request was

ambiguous as to time. Defendants answered that they could neither admit nor deny requests 18, 27

and 28 after conducting a reasonable inquiry.

*14*

2.    Plaintiff failed to hold a discovery consultation required by Local Rule 37.2 to resolve discovery differences regarding Plaintiff's request to admit.[1] Plaintiff's motion should be denied on that basis alone. In the spirit of Local Rule 37.2, Defendant contacted Plaintiff upon receiving the motion to discuss the motion and the answers to the request to admit.

3.    Defendants agreed to withdraw their objection to request 20 subject to the understanding that the time period of the request is the same time period stated in request 21. In such a case, request 20 is duplicative of request 21 where Defendants have already admitted the request. Defendants objection was proper in that it cannot be disputed that Plaintiff has been incarcerated at more than one facility at different times.

4.    Defendants contend that Plaintiff's motion as to requests 18, 26 and 27 is improper. Under the advisory committee notes to the 1970 Amendment of Federal Rule of Civil Procedure 36(a), the sanction for failure of a party to inform himself before he answers lies in the award of costs *after trial* as provided for un Rule 37(c). [Emphasis added.] Defendants through their attorney did conduct an inquiry prior to answering the requests. Defendants' answers are proper under Rule 36(a). If it is determined at trial that the inquiry was unreasonable, then Plaintiff can raise Defendants' answers at that time.

---

[1] During a telephone conversation regarding matters unrelated to the request to admit, Plaintiff's attorney mentioned that she intended to file a motion to determine the sufficiency of the answers to the request to admit. Plaintiff's attorney did not refer to any specific answer to the request to admit and, other than stating that she intended to file such a motion, never again discussed the request to admit during the conversation.

WHEREFORE, Defendants pray that the Court deny Plaintiff's motion and for any relief that the Court deems just.

Respectfully submitted,

RUSS NELSON

**JAMES E. RYAN,**
**Attorney General of Illinois**

By:  Edward C. Seward, III
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Floor
Chicago, IL 60601
(312) 814-5159