Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7924 | **DATE** | 4/10/2002 |
| **CASE TITLE** | Frederick House vs. Russ Nelson et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Nelson's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | APR 11 2002 date docketed | |
| ✓ | Docketing to mail notices. | | 26 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FREDERICK HOUSE, )
)
Plaintiff, )
)
vs. ) No. 00 C 7924
)
RUSS NELSON, Investigator for Illinois )
Department of Corrections ("IDOC"), )
DENNIS PEPEL, Parole Officer for )
IDOC, and JOHN DOE, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

According to plaintiff, after his release on parole he was directed to report to his parole officer. He did so, and met with another parole officer, defendant Pepel, and an IDOC investigator, defendant Nelson, who accused plaintiff of impregnating a female inmate when he was in prison. Nelson directed plaintiff to take a lie detector test, which he did. Plaintiff was later directed to take second lie detector test, which he declined to do on advice of counsel. He was thereafter arrested and incarcerated for about a month, and was then released. Plaintiff claims that defendants had no right to arrest or imprison him when he declined to take a lie detector test, because he was not in violation of his parole.

Defendant Nelson moves to dismiss on the ground of qualified immunity, claiming that his conduct did not violate clearly-established statutory or constitutional rights of which a reasonable person would have known. He argues that even assuming that requiring a parolee to submit to a lie detector test is a constitutional violation, the right to be free from taking such an examination has not been clearly established. Plaintiff points out that the Mandatory Supervised Release (MSR) Agreement states that the parolee is to comply with the requests of

his parole agent, that Nelson was not his parole agent, that taking lie detector tests is not a requirement of the MSR Agreement, and that the alleged incident took place prior to his release.

We are not here dealing with the issue of whether or not defendant Nelson had probable cause to arrest plaintiff for allegedly illegal conduct while he was in prison. Rather, the issue is whether or not it is clearly established that a Department of Corrections investigator could not constitutionally require a parolee to take a lie detector test. While plaintiff advances a number of reasons why it should be concluded that such an investigator does not have that authority, he can cite no case that so rules.

Defendant Nelson contends that plaintiff, on parole, was still in custody and subject to the commands of the Department of Corrections, *citing* People ex rel. Johnson v. Pate, 47 Ill.2d 172, 174 (Ill. 1970), *cert. denied*, 402 U.S. 976 (1971). That is so, up to a point, but it is an oversimplification. Parolees retain rights, although they are circumscribed. *See* Faheem-El v. Klincar, 814 F.2d 461 (7th Cir. 1987), *rehearing granted and opinion vacated by* Faheem-El v. Klincar, 822 F.2d 35 (7th Cir. 1987); Faheem-El v. Klincar, 841 F.2d 712 (7th Cir. 1988). Faheem-El illustrates, the borderlines between the authority of the Department of Corrections over parolees and their retained rights is neither self-evident nor well-defined. An IDOC investigator, we believe, could reasonably believe he had, as an agent of the Department, the authority to require plaintiff to submit to a lie detector test, whether or not he constitutionally could so require. He had no established precedent telling him he could not. The motion to dismiss is granted.

*/s/ James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

April 10, 2002.